FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PERMANENT GENERAL ASSURANCE CORPORATION, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO VILLANUEVA, a Washington resident, and ESTATE OF FRANCES NORTHOVER, a Washington resident,<br><br>Defendants. | No.   1:20-cv-03022-SMJ<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court, without oral argument, is Plaintiff Permanent General Assurance Corporation's ("PGAC") Motion for Default Judgment, or Alternatively, Motion for Summary Judgment, ECF No. 35. PGAC sued for declaratory judgment that it owes no obligation to provide coverage to Defendants under an automobile insurance policy that PGAC issued to Diego Villanueva for any claims arising out of a May 7, 2019 automobile accident, in which Frances Northover was driving a 2007 Dodge Durango. Despite being properly served, neither Diego Villanueva nor the Estate of Frances Northover (collectively, Defendants) have answered the Complaint nor responded to PGAC's motion. As result, and in view of the ongoing

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 1

prejudice to PGAC on the issue of coverage, the Court finds default judgment appropriate and grants PGAC's motion.

## BACKGROUND

PGAC filed the complaint on February 21, 2020. According to the complaint, on or about May 7, 2019, an automobile accident occurred on Larue Road at the center of State Route 97 near Yakima, Washington. ECF No. 1. The accident occurred when Northover, while driving a 2007 Dodge Durango, failed to yield at a stop sign and struck a semi-truck, which was towing a trailer. *Id*. The truck and trailer were owned by H.R. Spinner Corporation and insured by Zurich. *Id*. It was reported that four people died in the accident, including Northover and three passengers. *Id*. Two other passengers apparently survived the accident yet sustained injuries. *Id*. Villanueva allegedly owned the Durango at the time of the accident. *Id*. On October 15, 2019, Allied Interstate, on behalf of Zurich, issued to PGAC a subrogation demand letter, seeking to recover $15,560.00 Zurich ostensibly incurred funding repairs for damage to the trailer attached to the semi. *Id*.

PGAC served a Summons and Complaint on Defendants Villanueva and the Estate of Frances Northover on March 4, 2020 and February 27, 2020, respectively. ECF Nos. 5, 6. Defendants have failed to appear or otherwise respond to the Complaint in this lawsuit. The Clerk of the Court entered an Order of Default on June 4, 2020. ECF No. 13. PGAC served the First Amended Complaint on

Defendants Villanueva and the Estate of Frances Northover on July 31, 2020 and July 30, 2020, respectively. ECF Nos. 26, 27. Defendants have failed to appear or otherwise respond to the First Amended Complaint in this lawsuit. The Clerk of the Court entered a second Order of Default on September 8, 2020. ECF No. 30.

PGAC filed its Motion for Default Judgment, or Alternatively, Motion for Summary Judgment on September 25, 2020. ECF No. 35. PGAC served Villanueva and the Northover Estate with the motion briefing on September 28, 2020. ECF Nos. 37, 38. The deadline for Defendants to respond to the motion was October 26, 2020.

## LEGAL STANDARD

Entry of default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When possible, cases should be resolved on their merits, and the entry of default judgment is an extreme measure reserved for unusual circumstances. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). In evaluating the propriety of default judgment, the court is guided by seven non-exclusive factors:

> (1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 3

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The court assumes the facts alleged in the complaint are true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## DISCUSSION

Having reviewed the motion and the record in this matter considering the *Eitel* factors, the Court is fully informed and finds that entry of default judgment is appropriate in this case.

First, the Court considers the possible prejudice to PGAC. *See Eitel*, 782 F.2d at 1471–72. PGAC's claim for declaratory relief cannot move forward if default judgment is not entered. *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 391 (C.D. Cal. 2005) (finding the prejudice factor when Plaintiff would be denied the right to judicial resolution of the claims presented). Moreover, this lawsuit is the only means by which PGAC can establish that it owes no coverage for the accident. *Am. Commerce Ins. Co. v. Schierman*, No. C12-0195JLR, 2012 WL 13018750, at *3 (W.D. Wash. June 25, 2012) (finding that declaratory judgment is the only means that an insurer can establish it has no duty to defend or indemnify an insured). This factor weighs in favor of default judgment.

Second, the Court considers the merits of PGAC's substantive claim. *See Eitel*, 782 F.2d at 1471–72. Coverage under the policy is restricted to "the ownership or use of" a "covered auto" or a "non-owned auto." The Durango does

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 4

not qualify as either because: (1) the policy declarations page does not list the Durango; (2) there is no evidence that Villanueva acquired the Durango to replace the insured vehicle that appears in the policy declarations; and (3) Villanueva owned the Durango as early as November 28, 2017—over 18 months before the accident. This factor therefore weighs in favor of default judgment. *See Eitel*, 782 F.2d at 1471–72.

Third, the Court considers the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471–72. The Court assumes the facts alleged in the complaint are true. *Geddes*, 559 F.2d at 560. The First Amended Complaint alleges facts sufficient to establish that there is no coverage for any claim arising from the accident. *See generally* ECF No. 25. The Court finds this factor also weighs in favor of default judgment.

Fourth, the Court considers the sum of money at stake in the action. *See Eitel*, 782 F.2d at 1471–72. While PGAC seeks only declaratory judgment in this matter—and thus entry of default judgment would not directly result in a monetary award—the Court is cognizant that default judgment will almost certainly result in PGAC denying coverage in the underlying insurance dispute. This outcome could result in costs to Defendants associated with both the continued defense of that matter and any eventual judgment or settlement. So, while PGAC claims no monetary damages are involved in this suit—money is nevertheless at stake. The

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 5

Court thus finds this factor weighs against default judgment.

Fifth, the Court considers the possibility of disputed material facts. *See Eitel*, 782 F.2d at 1471–72. On the record before the Court, the issue of coverage for the underlying dispute seems clear-cut. *See generally* ECF Nos. 25, 35. That said, the Court notes that record is provided entirely by PGAC and thus, there is some possibility that discovery would produce evidence to muddy the waters concerning coverage, and this factor weighs somewhat against entry of default judgment.

Sixth, the Court considers the possibility that Defendants defaulted due to excusable neglect. *See Eitel*, 782 F.2d at 1471–72. There is no excusable neglect when a defendant is "properly served with the complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal 2001). PGAC effected service of process several times throughout this suit. *See*, *e.g.*, ECF Nos. 5, 6, 14, 15, 16, 19, 20, 22, 23, 26, 27, 31–34, 37, 38 & 40. As a result, the Court finds there is no excusable neglect for Defendants' failure to respond, and thus this factor weighs in favor of default judgment.

Finally, the Court considers the strong preference, expressed in the Federal Rules of Civil Procedure, for resolution of claims on the merits. *See Eitel*, 782 F.2d at 1471–72; *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Although this factor "almost always disfavors the entry of default judgment," it is

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 6

not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C009-1585JLR, 2011 WL 1584434, at *6 (W.D. Wash. Apr. 27, 2011). Despite that strong preference, the Court finds this is an appropriate case for entry of default judgment. This matter has been pending since February 2020; Defendants have had ample opportunity to appear and defend against the merits of PGAC's claims. Because further delaying judgment would result in continuing prejudice to PGAC—whose only recourse under Washington law for relief from its duty to defend is obtaining judgment in a case such as this one—and because the merits of PGAC's claim appear strong, the Court finds entry of default judgment appropriate. Because the Court finds entry of default judgment warranted, it declines to evaluate the merits of PGAC's alternative motion for summary judgment. *See* ECF No. 35.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Permanent General Assurance Corporation's motion for default judgment, **ECF No. 35**, is **GRANTED**.

2. The Clerk's Office is directed to **ENTER DEFAULT JUDGMENT** in favor of Plaintiff.

3. All hearings and other deadlines are **STRICKEN**.

//

//

//

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 7

4. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and to Defendants at their last known addresses.

**DATED** this 18th day of November 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT – 8